## S98Y1823. IN THE MATTER OF MICHAEL L. MORGAN.
### (506 SE2d 868)

PER CURIAM.

The State Bar filed Formal Complaints against Respondent Michael L. Morgan in five separate matters, alleging violations of Standards 4 (lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 23 (lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned); 44 (lawyer shall not wilfully disregard or abandon a legal matter entrusted to him, to the detriment of his client); and 68 (failure to respond to disciplinary authorities during the investigation of a complaint) of Bar Rule 4-102 (d). Upon Morgan's failure to timely respond to the properly served complaints, the facts alleged and violations charged therein were deemed admitted by the special master pursuant to Bar Rule 4-212 (a). Based on Morgan's admissions by virtue of his failure to respond, the special master found Morgan to have violated Standards 4, 23, 44 and 68 in each of the five pending matters, and recommended Morgan be indefinitely suspended from the practice of law and considered for reinstatement following a period not less than two years from the date of this order, with reinstatement conditioned as set forth below. We agree.

In each of the cases before this Court, Morgan agreed to handle a client's legal matters and accepted attorney fees for that representation. Morgan did not perform the work, however, nor did he refund to his clients any portion of the fees paid. Although Morgan filed a brief in opposition to the State Bar's motion for findings of fact and conclusions of law by default, he did not timely answer any of the complaints and failed to respond to disciplinary authorities during the investigations into these matters. The special master noted as mitigating factors some undefined psychological impairment and that Morgan voluntarily closed his law practice as of December 1995,

and noted as aggravating factors that Morgan failed to offer any of the aggrieved clients any refund of the unearned fees and his pattern of lack of diligence in responding to the disciplinary proceedings filed against him. Since neither party has requested review by the review panel, any right to file exceptions with this Court has been waived under Bar Rule 4-217 (c).

We agree with the special master that suspension is warranted as a result of Morgan's violations of Standards 4, 23, 44 and 68 of Bar Rule 4-102 (d). Accordingly, Morgan is suspended indefinitely from the practice of law in Georgia, to be considered for reinstatement following a period not less than two years from the date of this order, with reinstatement conditioned upon Morgan (1) obtaining a favorable determination from the Lawyer Assistance Program that, based upon appropriate medical and psychological opinions, he is emotionally and psychologically fit to resume the practice of law; (2) paying restitution to his clients involved in the grievances in State Disciplinary Board Docket Nos. 3445, 3446, 3447, 3448, and 3449; (3) successfully completing the State Bar's Ethics School; and (4) six months after he resumes the practice of law, completing and paying for an evaluation and assessment of his practice management procedures, to be conducted by an independent consultant approved by the State Bar's Law Practice Management Program. Morgan is reminded of his duties under Bar Rule 4-219 (c).

*Suspended indefinitely with reinstatement upon conditions. All the Justices concur.*

DECIDED OCTOBER 5, 1998.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Deputy General Counsel State Bar,* for State Bar of Georgia.